**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES MUSA GAMA,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et. al.,<br><br>                                    Respondents. | Case No.:  26-cv-2868-BJC-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner James Musa Gama is a citizen of Sudan who entered the United States in 2005 as a refugee.  ECF No. 1 at 1.  In 2023, Petitioner was given voluntary departure to Sudan but could not be removed due to civil war in Sudan.  *Id.* Due to the conditions in Sudan, ICE was not able to obtain travel documents and released Petitioner under an order of supervision.  *Id.* On November 15, 2025, Petitioner was arrested by ICE at his home.  *Id.* at 2.  He was not given proper notice or an opportunity to contest his detention.  *Id.* He remains detained at the Imperial Detention Center.  *Id.*

On May 6, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Respondents filed a return on May 13, 2026.  ECF No. 4. Petitioner filed a traverse the same day. ECF No. 5.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ

1

26-cv-2868-BJC-SBC

of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Petitioner contends his indefinite detention violates 8 U.S.C. § 1231 and *Zadvydas v. Davis,* 533 U.S. 678 (2001), and that ICE failed to comply with its regulations, violating Petitioner's rights under the Due Process Clause of the Fifth Amendment. ECF No. 1 at 5. Respondents do not address Petitioner's arguments. Instead, Respondents state that it is not possible to determine whether there is a significant likelihood of removal in the reasonable future, and therefore, Respondents "acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision." ECF No. 4.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates his due process rights.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: May 14, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2868-BJC-SBC